BARUCH (BURAH) FUCHSMAN (FUKSMAN), complainant-respondent,

v.

JACOB WINARSKY, defendant-appellant.

[Argued March 23d, 1925. Decided May 18th, 1925.]

Where deeds, not obtained by fraud or deception practiced by one party against the other, by their terms release every interest the grantor in the deed had in the property described therein, under a certain agreement. such deeds cannot now be questioned, even if the property covered by them has greatly increased in value.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church, whose opinion is reported in 97 N. J. Eq. 176.

Mr. Arthur T. Vanderbilt, for the appellant.

Mr. Frank E. Bradner, for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

This is an appeal from a decree in chancery' adjudging a certain writing bearing date May 3d, 1919, to be an agreement creating an active express trust; that the appellant holds the legal title to the lands therein described in trust for the respondent, and directing that said lands be sold, subject to the existing mortgages thereon, and that there be paid to the respondent from the proceeds of such sale such an amount as shall remain after deducting such sums as, upon an accounting, shall be shown to have been payments made by appellant, as authorized by said trust agreement.

The respondent, on May 3d, 1919, was the owner of two lots of land known as Nos. 264 and 266 Prince street, in the city of Newark, having purchased them in 1907 for $41,-000. Upon each of which lots is a tenement-house. Both properties were encumbered by mortgages—264 Prince street by a first mortgage of $10,000 and a second mortgage of $4,000; 266 Prince street by a first mortgage of $10,000 and a second mortgage of $1,500, upon all of which there were arrearages of interest, and there were also arrearages of taxes.

The buildings had fallen into a state of disrepair and the revenue from rentals had diminished.

The respondent was indebted in the sum of $2,756 upon several notes upon which the appellant was endorser.

The holder of the first mortgage on 264 Prince street having demanded payment thereof, respondent applied to one Hollander for a mortgage loan of $10,000, which Hollander seems to have agreed, at first, to make, and, subsequently, refused.

On May 3d, 1919, respondent and his wife conveyed both premises, 264 and 266 Prince street, to appellant, by deed of warranty, subject to the aforesaid mortgages, for a total consideration of $32,000. This deed is, on its face, and by its terms, an absolute conveyance, and was recorded in the register's office of Essex county on May 8th, 1919.

Upon the closing of title there was an apportionment made of rents, insurance premiums and taxes; an assumption of payment of interest due on mortgages, past due taxes; cash amounting to $300 paid to respondent's wife before she would execute the deed; a balance of cash of $1,135.43 paid respondent, and an assumption by appellant of the payment of respondent's notes of $2,756, upon which he was endorser; and upon the day of closing title, May 3d, 1919, appellant executed and delivered to the respondent a mortgage, covering the premises, to secure the payment of such notes.

It appears by the testimony that at the time of executing the deed of May 3d, 1919, the wife of respondent made a request of appellant, to make them "a present" if he sold the

houses at a profit within two years. This was agreed to by appellant and resulted in an agreement under date of May 3d, 1919, between appellant and respondent, duly acknowledged and recorded in Essex county register's office in book Q 61 of deeds, on page 43. This agreement recites the conveyance by respondent and wife to appellant, of May 3d, 1919, and then provides as follows:

"1. That as to the premises 264 Prince street, the appellant shall not convey the same for a period of two years without the written consent of the respondent, and the respondent shall be entitled to receive the balance of the selling price over $16,000, after first deducting any expenses which appellant may have in procuring new loans and in taking title, and that if respondent shall produce a purchaser who is willing to pay more than $16,000, the appellant shall be obliged to convey.

"2. That as to the premises 266 Prince street, the same conditions shall exist as apply to 264 Prince street, and for the same period of time, except that appellant may convey the premises at any time without the consent of respondent, provided that it shall be a *bona fide* conveyance, not for the purpose of evading the agreement, and respondent shall receive all the excess of the selling price over $16,000, less the expenses as provided for as to property 264 Prince street."

The agreement further provides that it shall be subsequent and subordinate to any mortgages that appellant shall place upon the property provided that the aggregate of the mortgages on each property shall not exceed $14,000.

Also, on May 3d, 1919, appellant and his wife executed a mortgage of $11,000 to Adolph Hollander, on premises 264 Prince street, to take up and pay the first mortgage of $10,000 thereon, payment of which had been demanded.

In the mortgage given by appellant and wife to respondent to secure the payment by the former of the latter's notes aggregating $2,756 there appears the following recital:

"This mortgage, executed and delivered for the following purposes on the date hereof—

"The said Baruch Fuksman conveyed to the said Jacob Winarsky, premises commonly known and designated as 264-266 Prince street, Newark, New Jersey, and, as a part of the purchase price, assumed notes and other forms of indebtedness in the amount of $2,756, on which the said Fuchsman was primarily liable and Winarsky secon-

darily liable, and the names and amounts of which are set forth in a bond which this mortgage secured and which is made a part hereof."

On November 12th, 1919, the attorney representing the Dime Savings Institution, which was making Winarsky a mortgage loan on 266 Prince street, finding of record the aforesaid mortgage from Winarsky to Fuchsman and the agreement of May 3d, 1919, secured from Fuchsman a quit-claim deed, release of mortgage and an affidavit, which latter, among other things, contained the following:

"That at the time this deponent conveyed said premises to the present owner, Jacob Winarsky, an agreement was entered into between them, which agrement is recorded in the Essex county register's office in which it was the intention of the parties to provide that as to the premises 264 Prince street, that property should not be sold by Mr. Winarsky without the written consent of this deponent; that said condition was made to secure to him a portion of any profits that might be made of the sale of said premises over and above a certain figure; that it was not the intention of the parties to that agreement that it affect property 266 Prince street, which Mr. Winarsky is now mortgaging to the Dime Savings Institution."

The quit-claim deed herein before referred to contains the following recital:

"It being hereby intended to release any interest the party of the first part may have in the premises herein described [266 Prince street] by virtue of agreement recorded in book Q 61 of deeds for Essex county, on page 43," &c.

On April 15th, 1920, Fuchsman released to Winarsky the premises 264 Prince street from the mortgage, securing the payment of the notes amounting to $2,756, and executed and delivered to him a quit-claim deed for the same premises, which deed contained the same recital as that of November 12th, 1919.

Four years later, and on April 16th, 1924, the bill of complaint in the present cause was filed, resulting in the decree appealed from.

It is evident that at the time of the conveyance of May 3d, 1919, the lands were fairly worth, not exceeding the purchase price of $32,000, but that subsequent to the deeds of November 12th, 1919, and April 15th, 1920, from Winarsky to appellant, the property has materially increased in value, until it is now worth $55,000 to $60,000.

The appellant contends that the agreement of May 3d, 1919, does not create an express active trust; that the court erred in decreeing that appellant holds the legal title in trust for respondent, likewise in disregarding the two-year limitation contained in said agreement; that respondent is in laches, and that the court erred in disregarding the releases and quit-claim deeds of November 12th, 1919, and April 15th, 1920.

It is not necessary for us to pass upon any except the last of these grounds of appeal, because our finding thereon completely disposes of the matter before us.

These deeds, by their terms, release every interest respondent had, if any and whatever it was, under the agreement of May 3d, 1919, and we do not find facts and circumstances contained in the evidence before us satisfying us that they were obtained by fraud and deception practiced by appellant upon and toward the respondent.

The decree below is therefore reversed.

*For affirmance*—THE CHIEF-JUSTICE, MINTURN, BLACK, KATZENBACH, VAN BUSKIRK, CLARK, McGLENNON, JJ.   7.

*For reversal*—TRENCHARD, PARKER, KALISCH, CAMPBELL, LLOYD, WHITE, GARDNER, KAYS, JJ.   8.